## SUPREME COURT.

WILLIAM S. TOOLE and BENJAMIN D. LEFEVRE agt. DOMINGO
DE GOICOURIA.

An order of *arrest* cannot be maintained *in an action on contract*, upon allegations
that defendant is about removing from the state with intent to defraud his cred-
itors, and that he fraudulently withholds and conceals his property with a like
intent.

A motion to vacate an order of arrest may be made after an inquest has been taken
against defendant, and is in conformity with the requirement of the Code,—*that
the motion be made at any time before judgment*—for "the judgment is not perfect
until entered in the judgment book." (*Per* INGRAHAM, *J., at special term.*)

*General Term, First District, January*, 1868.
*Before* BARNARD, INGRAHAM *and* SUTHERLAND, *Justices.*
MOTION to vacate an order of arrest.

JOHN B. STEVENS *and* A. R. DYETT, *for respondents.*
F. R. COUDERT, *for appellant.*

(*Cited Brodsky* agt. *Ihms*, 25 *How.* 471.)

This was an action brought to recover the sum of $2,613.07
of the defendant, as acceptor of a bill of exchange for that
amount.

After the action had been at issue for some time, the plain-
tiff obtained an order of arrest against the defendant on the
ground that he was about to leave the country, and that he
had concealed his property with intent to defraud his cred-
itors; and subsequently took an inquest because an affidavit
of merits had not been filed and served.

After the inquest had been taken and while further pro-
ceedings on the part of plaintiff were stayed pending a motion
to open the same—the defendant moved to vacate the order
of arrest upon the plaintiff's affidavits.

The motion was argued before Judge INGRAHAM, on the
20th November, 1867, and the plaintiff urged the preliminary

Toole agt. De Goicouria.

objection that the motion was made *after judgment,* an inquest having been taken;—the justice decided the objection insufficient—but denied the motion in the following language:

*Per* INGRAHAM, J. "The judgment is not perfect until "entered in the judgment book."

"Upon the merits, I think the sufficiency of the affidavits "is to be doubted, but as there are some decisions holding "them to be sufficient, I shall deny this motion, leaving the "defendant to his appeal to the general term."

An order was entered denying the motion; the defendant appealed to the general term; the appeal was argued at the January term, 1868, before BARNARD, INGRAHAM and SUTHERLAND, Justices, and the order of Judge INGRAHAM, at special term reversed, no opinions being written as the judges did not reserve their decision.